1  Kathryn L. Johnson (#19150)
   Law Office of Kathryn L. Johnson, PLC
2  2 E. Congress Street, Suite 900
   Tucson, AZ 85701
3  (520) 743-2257; (520) 743-2231 facsimile
   Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| RALPH F. GARCIA, | Case No. 4:09-bk-33587-JMM |
| DIANE M. GARCIA, | |
| Debtors. | |
| | |
| RALPH F. GARCIA, | Adversary Proceeding |
| DIANE M. GARCIA, | Case no.: 4:10-ap-00069-JMM |
| Plaintiffs, | |
| v. | STIPULATION REGARDING THE EXTENT AND VALIDITY OF LIEN |
| HUGHES FEDERAL CREDIT UNION, | |
| Defendant. | |

This Stipulation Regarding the Extent and Validity of the Lien held by Hughes Federal Credit Union ("Stipulation") is entered into by and between Ralph F. Garcia and Diane M. Garcia, ("Debtors"), by and through their attorney of record, Kathryn L. Johnson, and Hughes Federal Credit Union, by and through its attorneys, Tilton & Solot.

## RECITALS

1. Debtors' homestead is located at 7370 S. Via Del Promontorio, Tucson, Arizona 85746 ("Debtors' Homestead").

2. On or about December 29, 2009, Debtors filed a voluntary petition under Chapter 13 of the United State Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona. The case was assigned Case No. 4:09-bk-33587-JMM. Thereafter, Debtors filed an adversary proceeding, and the case was assigned Case No. 4:10-ap-00069-JMM.

3. Citimortgage Inc., as assignee, is believed to be the current holder of a promissory note in the original principal amount of $170,445.00 and which is secured by a first Deed of Trust against Debtors' Homestead.

4. The first lien was recorded in the office of the Pima County Recorder in or about July 21, 2005.

5. Hughes Federal Credit Union (hereinafter "HFCU") is believed to be the current holder of a promissory note in the original principal amount of $88,000.00, and which is secured by a second Deed of Trust against Debtors' Homestead.

6. The HFCU second lien was recorded in the office of the Pima County Recorder in or about May 8, 2007.

7. The HFCU second lien is junior and subordinate to the first lien.

8. An appraisal undertaken of Debtors' Homestead in January, 2010 reveals that the market value of Debtors' Homestead, at the time of the appraisal, is $109,000.00.

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1. HFCU's claim shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtor's Chapter 13 Plan,

2. The avoidance of HFCU's Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 Plan;

3. The avoidance of HFCU's Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 Plan;

4. The avoidance of HFCU's Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

5. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, HFCU shall promptly record a reconveyance of its Second Deed of Trust against the Subject Property with the Pima County Recorder's Office;

6. In the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States

1 | Bankruptcy Code, HFCU shall retain its lien for the full amount due, HFCU's lien shall not be
2 | avoided, and HFCU's claim shall be treated as a secured claim.
3 |     7.    Each party shall bear their own attorneys' fees and costs incurred in the present
4 | Adversary Case No. 4:10-ap-00069-JMM.
5 |     8.    The terms of this Order shall be incorporated by reference in an Order
6 | confirming the Debtors' Chapter 13 plan in the bankruptcy Case No. 4:10-bk-33587-JMM.
7 | IT IS SO STIPULATED:
8 | Dated: June 15, 2010     By _____
9 |                               Tilton & Solot
                                  Attorney for HFCU
10 | Dated: 6/15/10          By _____
11 |                              Kathryn L. Johnson
                                  Attorney for Debtors